# STATE OF MINNESOTA
# IN COURT OF APPEALS
# A14-1284

Terminal Transport, Inc.,
Appellant,

vs.

Minnesota Insurance Guaranty Association,
Respondent.

**Filed April 20, 2015**
**Affirmed**
**Stauber, Judge**

Hennepin County District Court
File No. 27-CV-11-24506

Thomas J. Flynn, Richard J. Reding, Larkin, Hoffman, Daly & Lindgren, Ltd., Minneapolis, Minnesota (for appellant)

Kirsten Schubert, Forrest K. Tahdooahnippah, Dorsey & Whitney, Minneapolis, Minnesota (for respondent)

Considered and decided by Schellhas, Presiding Judge; Stauber, Judge; and Hooten, Judge.

## S Y L L A B U S

The Minnesota Insurance Guaranty Association (MIGA) is prohibited from covering any claims made against an insolvent insurer's policy that has a deductible in excess of $300,000. Minn. Stat. § 60C.09, subd. 2(4) (2014).

# OPINION

**STAUBER**, Judge

Appellant challenges the district court's grant of summary judgment in favor of MIGA, which denied its request for coverage of a workers' compensation claim after the insurance company that provided the insurance became insolvent, arguing that the district court erred by concluding that claim was not a "covered claim." We affirm.

## FACTS

Appellant Terminal Transport, Inc., (Terminal) is an over-the-road trucking company located in Roseville, Minnesota. Respondent MIGA is an organization created by statute to provide payment of covered claims to claimants or policyholders when an insurer is liquidated. Minn. Stat. §§ 60C.02, subd. 2; .04 (2014). All insurers providing certain lines of insurance pay an assessment to MIGA as a condition of their licenses to transact business in the state. Minn. Stat. § 60C.03, subd. 6 (2014).

Because Terminal was a fairly small business, it contracted with a professional employer organization, Oxygen Unlimited, LLC, for human-resource services. Oxygen handled payroll, withholding, garnishment, and state taxes, employed workers and leased them to Terminal, and arranged for insurance coverage, including a workers' compensation policy. Oxygen purchased the workers' compensation policy from Imperial Indemnity and Casualty Insurance Co., for the period of March 31, 2009, through January 1, 2010. This policy included a deductible of $1,000,000, which reduced the premium paid by Oxygen and the human-resource costs billed to Terminal.

2

An employee was injured while working for Terminal during the policy coverage period and submitted a workers' compensation claim. Although Oxygen assured Terminal that it would handle the matter, it went out of business and Imperial was declared insolvent by the State of Oklahoma before the claim was paid.

Terminal tendered the claim to MIGA, which denied it because the workers' compensation policy had a deductible in excess of $300,000, making it ineligible for coverage under the statute. Terminal challenged this decision, and MIGA affirmed the denial of coverage. Terminal initiated this action by complaint in December 2011.

MIGA moved for summary judgment based on the statutory exclusion of coverage for policies that have a deductible greater than $300,000. Terminal argued that Oxygen was the insured and thus Terminal had no duty to pay a deductible to Imperial because Oxygen provided first-dollar coverage of all claims to Terminal. The district court granted summary judgment in favor of MIGA. This appeal followed.

## ISSUES

I.     Did the district court err in its construction of the insurance contract?

II.    Did the district court err in its construction of Minn. Stat. § 60C.09 (2014)?

## ANALYSIS

We review the district court's grant of summary judgment de novo to determine whether there are any genuine issues of material fact and whether the district court erred in applying the law. *Larson v. Nw. Mut. Life Ins. Co.*, 855 N.W.2d 293, 299 (Minn. 2014). We view the evidence in the light most favorable to the nonmoving party. *Id.*

3

**I.**

This appeal involves both construction of a contract and a statute. An insurance policy is a contract to which general principles of contract law apply. *Remodeling Dimensions, Inc. v. Integrity Mut. Ins. Co.*, 819 N.W.2d 602, 611 (Minn. 2012). This court reviews the district court's interpretation of a contract as a question of law subject to de novo review. *Caldas v. Affordable Granite & Stone, Inc.*, 820 N.W.2d 826, 832 (Minn. 2012). A clear and unambiguous contract is enforced in accordance with the plain language of the contract; a reviewing court considers parol evidence or matters outside of the contract only when the contract terms are ambiguous. *Id.* Neither party here claims that the contract was ambiguous.

Terminal argues that it is not the policyholder and it should not be constrained from obtaining coverage from MIGA for the injured employee's claim. The policy identifies the insured as "Oxygen Unlimited, LLC [leasing company for] Terminal Transport, Inc." Terminal is identified as the employee location tied to the policy. The policy defines "insured" as the party "named in item 1 of the Information Page"; Oxygen is listed as leasing company for Terminal. The policy also has additional endorsements to the standard policy language, including the "Minnesota Employee Leasing Endorsement." This endorsement applies to leased employees and defines the "Client Company" as "the entity who obtains any or all of its employees from another entity under an employee leasing agreement and which is identified . . . in Item 1 of the Information Page." The endorsement states that the workers' compensation policy "will apply as though the client company is the employer and is insured under this policy." It

4

again identifies Oxygen, the employee leasing company, as the "policy holder under this policy."

A second endorsement creates a deductible of $1,000,000; this endorsement is between Imperial, the insurer, and Oxygen, the named insured. The endorsement states that "[i]t does not affect, change or alter the rights of others under the Policy." It also provides that "[t]he first Named Insured shown in the Information Page agrees and is authorized to pay all Deductible Amounts on behalf of all Named Insureds," but "[e]ach Named Insured is jointly and severally liable for all deductible amounts under this Policy."

The plain language of the policy suggests that Terminal is not the named insured. But Minn. Stat. § 60C.09, subd. 1(c)(i) (2014), which defines the claims covered by MIGA, includes those made by an "insured beneficiary under a policy," and Terminal clearly considers itself to be an insured beneficiary or it would have no right to argue that it should be covered under either the policy terms or by MIGA's statutory duty.

Even if Terminal is not an insured beneficiary, it is a third-party beneficiary under the policy. A stranger to a policy has no right to enforce contract terms, but "a third party may enforce a promise made for his benefit even though he is a stranger both to the contract and the consideration." *Caldas*, 820 N.W.2d at 832 (quotation omitted). An intended third-party beneficiary may enforce a contractual promise if the parties to the contract manifest an intent to benefit the third party and performance of the contract promise will satisfy a party's obligation to pay money to or perform an action for the benefit of the third party. *Id.* If Terminal is arguably not a named insured to this

5

contract, it is certainly a third-party beneficiary: both Imperial and Oxygen recognize an obligation to provide workers' compensation coverage to Terminal, which is consistent with coverage requirements under Minnesota law. As a third-party beneficiary, Terminal would have the right to enforce the contract according to its terms, which include a $1,000,000 deductible. *See In re Hennepin Cnty. 1986 Recycling Bond Litig.*, 540 N.W.2d 494, 499 (Minn. 1995) (stating that the rights of third-party beneficiaries are measured by the contract terms). Under either analysis, Terminal is an insured beneficiary under the contract and thus is subject to the terms of Minn. Stat. § 60C.09.

## II.

The district court determined that the policy contained a $1,000,000 deductible clause and that MIGA was therefore statutorily precluded from covering Terminal's claim. We review the application of a statute to the undisputed facts of a case as a question of law, which is subject to de novo review. *Davies v. W. Publ'g Co.*, 622 N.W.2d 836, 841 (Minn. App. 2001), *review denied* (Minn. May 29, 2001).

MIGA was created by statute "to provide a mechanism for the payment of covered claims under certain insurance policies" and "to provide an association to assess the cost of the protection [of claimants and policyholders] among insurers." Minn. Stat. § 60C.02, subd. 2. Entities created by statute have only the powers conferred on them by statute. *In re Excelsior Energy, Inc.*, 782 N.W.2d 282, 289 (Minn. App. 2010).

> The legislature states what [an] agency is to do and how it is to do it. While express statutory authority need not be given a cramped reading, any enlargement of express powers by implication must be fairly drawn and fairly evident from the

6

> agency objectives and powers expressly given by the
> legislature.

*Peoples Natural Gas. Co. v. Minn. Pub. Utils. Comm'n*, 369 N.W.2d 530, 534 (Minn. 1985). Thus, although the chapter regulating MIGA states that it is to "be liberally construed to effect [its] purposes," Minn. Stat. § 60C.02, subd. 3 (2014), MIGA is nevertheless limited by its statutory authority.

MIGA is deemed to be "the insurer to the extent of its obligation on covered claims." Minn. Stat. § 60C.05, subd. 1(a) (2014). "Covered claims" are unpaid claims arising out of an insurance policy issued by an insurer that has become insolvent, if the claim is made by either a policyholder or an insured beneficiary under the policy. Minn. Stat. § 60C.09, subd. 1(a), (c)(i) (2014). Under this definition, Terminal has a covered claim; if it is not a policyholder, it is an insured beneficiary, because the policy was intended to provide Terminal with the workers' compensation coverage it is legally obliged to maintain.

But the definition of "covered claim" is further limited to exclude "any claims under a policy written by an insolvent insurer with a deductible . . . of $300,000 or more, nor that portion of a claim that is within an insured's deductible." Minn. Stat. § 60C.09, subd. 2(4). Terminal's claim for coverage is based on a policy that has a $1,000,000 deductible. The statute excludes "*any* claims" under such a policy, not just claims by a policyholder; claims by an insured beneficiary under the policy also are limited by this language. *See id.* (emphasis added). There is no ambiguity in the statutory language.

We are further persuaded by *Goodyear Tire & Rubber Co. v. Dynamic Air, Inc.*, 702 N.W.2d 237, 243 (Minn. 2005), in which the supreme court noted that MIGA's obligations are subject to "substantial limitations and exclusions," citing the exclusion of any claim made under a policy with a deductible of more than $300,000 as one example of a substantial limitation or exclusion. *Id.* The supreme court further commented that MIGA "does not provide the same level of protection to insureds that the policy issued by the insolvent insurer would afford had the insurer remained solvent." *Id.*

Under the plain language of the statute, any claim made against a policy that has a deductible in excess of $300,000 is not covered by MIGA. The district court did not err by concluding that Terminal's claim is not covered under the terms of Minn. Stat. § 60C.09, subd. 2(4). We therefore affirm.

## D E C I S I O N

MIGA is prohibited by statute from covering claims made on a policy with a deductible in excess of $300,000, including claims made by an insured beneficiary who is not the policyholder.

**Affirmed.**